935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Starley A. DARLING, et al., Plaintiffs-Appellants,
v.
The BOEING COMPANY, McDonnell Douglas Corporation, and Lear
Siegler, Inc., Defendants-Appellees.
 No. 90-3902.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 This case is the consolidation of thirteen lawsuits which arose from the May 6, 1981 crash, and the loss of all on board, of an Air Force EC-135N jet aircraft which departed Wright Patterson Air Force Base in Dayton, Ohio, on a round-trip training flight scheduled to last approximately five hours. Plaintiffs are the personal representatives of the military and civilian decedents. They filed suit against the Boeing Company, Lear Siegler, Inc., and McDonnell Douglas Corporation, on alternative theories of strict liability, breach of express and implied warranties, and negligence in connection with the design and testing process for the aircraft and its autopilot system. Boeing manufactured the aircraft, Lear manufactured the aircraft's autopilot system, and McDonnell Douglas remodeled the aircraft.
 
 
 2
 All three defendants filed motions for summary judgment, invoking the government contractor defense as set forth in Boyle v. United Technologies Corp., 487 U.S. 500 (1988). The government contractor defense provides immunity, displacing state law, to civilian contractors for design defects in military equipment when "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." Boyle, 487 U.S. at 512.
 
 
 3
 The district court agreed with defendants that this case was "precisely the kind of case to which the government contractor defense was intended to apply." In re Aircraft Crash Litig., Frederick, Md., 752 F.Supp. 1326, 1370 (S.D.Ohio 1990). Finding that defendants demonstrated "by way of uncontradicted Fed.R.Civ.P. 56 materials, that there exists no genuine issue of fact material to any element of that defense," the court granted defendants' motion for summary judgment. Id. at 1371.
 
 
 4
 The issue on appeal is whether the government contractor defense immunizes Boeing, Lear, and McDonnell Douglas from liability for the alleged defects in the aircraft and its autopilot system. We think it does.
 
 
 5
 United States District Judge Walter Herbert Rice wrote a carefully reasoned and extremely well written 47-page opinion detailing the facts of this tragic case, and analyzing and resolving the issues presented. We agree entirely with what Judge Rice has written and we do not believe we can improve upon his opinion.
 
 
 6
 Therefore, for the reasons set forth in the district court's opinion, we AFFIRM.